# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WILLIAM T. CAUDILL,**

    Plaintiff,

v.                                          **CIVIL NO. 03-755 BB/DJS**

**WACKENHUT CORRECTIONS CORP.,** *et al.*,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. Plaintiff is a prisoner at the Lea County Correctional Facility, a prison owned and operated by Defendant Wackenhut Corrections Corporation. He seeks monetary damages for infringement of his First Amendment right to free exercise of his religion. Plaintiff contends that Defendants have prevented him from practicing the rituals of Wicca and have denied Wiccans access to materials available to practitioners of other religions. Plaintiff thereby asserts claims pursuant to the First and Fourteenth Amendments to the United States Constitution.

2. On February 11, 2004, this Court ordered Defendants to submit a report pursuant to

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978). That report was submitted on March 26, 2004 and Plaintiff filed his response to the Report on May 10, 2004. The Report, Defendants' brief accompanying the report, and Plaintiff's response, as well as the pleadings filed in the case to date constitute the basis of this recommendation.

    3.  As noted in the order directing Defendants to file a Martinez report, the Free Exercise Clause of the First Amendment of the Constitution mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). Moreover, a prisoner must be accorded "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Cruz v. Beto, 405 U.S. 319, 322 (1972)(*per cuiram*). Prisoners' free exercise rights are, however, subject to prison restrictions rationally related to legitimate penological interests. O'Lone, 482 U.S. at 349. In determining whether a governmental policy is rationally related to a legitimate interest, a court must weigh several factors. Id. at 350. First, the court considers whether there is a logical connection between the prison regulation and the asserted penological interest. Id.; Turner v. Safley, 482 U.S. 78, 89-91 (1987).  Second, the court considers whether alternative means of exercising the religious right in question remain open to prisoners. Turner, 482 U.S. at 90. Third, the court assesses the impact the accommodation of the right in question would have on guards, other prisoners, and on the allocation of prison resources. Id. Fourth, the court considers whether any policy alternatives exist that would accommodate the right in question at *de minimis* cost to the prison. Id. at 91.

    4.  The Martinez Report and Plaintiff's response demonstrates that Defendants have afforded Plaintiff a reasonable opportunity to exercise his religion of choice. In his complaint, Plaintiff asserts

that he has not been afforded tools necessary for the practice of the religion of Wicca consistent with the items afforded those who subscribe to other faiths to practice their religions. Plaintiff stated that he was not afforded the use of candles, miniature statues of a god and a goddess, herbs, incense and oils for ritual cleansing, an alter cloth, white robes without hoods, a silver or brass chalice, an eight-inch wand, an eleven-inch wooden flute, and small bells. Defendants' Martinez Report shows that, as of the time of the report, Defendants provide Plaintiff with a location in which to conduct Wiccan services, as well as various items for those services including candle holders, candles, matches, a plastic bottle containing anointing oil, a plastic container of salt, a plastic container of soil, containers to hold the salt and soil during services, two religious texts, a deck of Tarot cards, a plastic one-gallon container of water, a drawing or picture each of a god and goddess image, in lieu of statues, an alter cloth, and kitchen utensils in lieu of a wand.

5. "[C]ourts are not to substitute their judgment on matters of institutional administration for the determinations made by prison officials, even when First Amendment claims have been made." Kikumura v. Hurley, 242 F.3d 950, 956 (10th Cir.2001). Broad security concerns have been held by courts to justify a number of restrictions which impact prisoner's lives and their religious practices. Cf. Young v. Lane, 922 F.2d 370, 375-77 (7th Cir.1991) (holding that prison's concern that yarmulkes could be used by gangs as form of identification justified prohibition against wearing yarmulkes except in cells and during religious services); Hines v. South Carolina Dep't of Corrections, 148 F.3d 353, 358 (4th Cir.1998) (holding that prison's concern that hair length could be used as gang identifier justified grooming policy even though it may have infringed upon inmates religious beliefs); Hamilton v. Schriro, 74 F.3d 1545, 1555 (8th Cir.1996) (holding that prison's concern that hair could conceal contraband or serve as gang identifier justified hair length rule). Defendants have

provided Plaintiff with alternative means and substantial paraphernalia with which to practice his religion and have linked the denial of other requested items to legitimate security concerns. Plaintiff has been provided with a reasonable opportunity to pursue his faith and has not established that his First Amendment right to practice that faith is being unconstitutionally infringed.

**RECOMMENDED DISPOSITION**

That summary judgment be granted for Defendants and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**